David L. Brown, State Bar No. (021691)
Richard N. Crenshaw, State Bar No. (006844)
Daniel Louro, State Bar No. (034983)
**Brown & Associates, PLLC**
2450 S. Gilbert Road, Suite 200
Chandler, AZ 85286
Telephone: (480) 656-8358
Fax: (480) 223-6381
info@brown-associates.net
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| KAREN LESLIE<br><br>           Plaintiff,<br><br>vs.<br><br>NATIONAL CREDIT SYSTEMS, INC.<br><br>           Defendant. | Case Number:<br><br>**COMPLAINT** |

COMES NOW, Plaintiff, KAREN LESLIE, by and through undersigned counsel, for her Complaint and hereby alleges as follows:

**I.      INTRODUCTION/PRELIMINARY STATEMENT**

1.      Congress enacted Title 15 of the United States Code § 1692 et seq., commonly referred to as the Fair Debt Collections Practices Act ("FDCPA" or the "Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a).  At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of

1

individual privacy." *Id*. Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b)-(c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id*.; 15 U.S.C. § 1692k.

## II.   JURISDICTION AND VENUE

3. Plaintiff repeats, realleges and incorporates by reference Paragraphs 1 through 2 above as if fully stated herein.

4. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1962K(d) and 28 U.S.C. §§ 1331 and 1337.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## III.   NATURE OF ACTION

6. Plaintiff repeats, realleges and incorporates by reference Paragraphs 1 through 5 above as if fully stated herein.

7. Plaintiff brings this action seeking redress for Defendant's actions using misleading, deceptive, unfair and/or unconscionable means to collect a debt in violation of the FDCPA.

## IV. PARTIES

8. Plaintiff repeats, realleges and incorporates by reference Paragraphs 1 through 7 above as if fully stated herein.

9. Plaintiff, Karen Leslie ("Plaintiff" or "Ms. Leslie"), is a natural person residing at 905 E. Taylor Trail, San Tan Valley, Arizona 85143.

10. Defendant, National Credit Systems, Inc. ("Defendant" or "NCS"), upon information and belief, is a Georgia corporation with a principal place of business located at 3750 Naturally Fresh Blvd., Atlanta, GA 30349.

11. Defendant NCS is involved in the collection of personal debts.

12. Defendant regularly attempts to collect alleged personal debts by using the mails and telephone.

13. Defendant NCS has registered as a foreign corporation doing business in the State of Arizona.

14. Defendant's registered agent is CT Corporation System, located at 3225 N. Central Ave, Phoenix, AZ 85012.

## V. FACTUAL ALLEGATIONS

15. Plaintiff repeats, realleges and incorporates by reference Paragraphs 1 through 14 above as if fully stated herein.

16. In January 2020, Apartment Homes at the Heights LLC, dba as Villas at Chandler Heights (the "Original Creditor"), alleged that Plaintiff defaulted on an apartment lease, pursuant to the terms of a rental agreement that was scheduled to commence on December 31, 2019 and terminate on October 30, 2020.

17. Plaintiff gave 42 days' notice of termination of lease on November 18, 2019 and paid the rent for both November 2019 and December 2019.

18. On or about January 14, 2020, Plaintiff received a final account statement stating that she owed the Original Creditor the sum of $7,346.24 after application of her security deposit of $350.00. The total amounts due were for insufficient notice, a late notice penalty and a lease termination fee.

19. Plaintiff vacated the apartment unit before December 31, 2020 and surrendered the keys to the Original Creditor and the Original Creditor re-let the apartment with a new lease commencing on January 13, 2020.

20. On January 23, 2020 the Plaintiff caused a debt dispute letter to be sent on her behalf to the Original Creditor disputing the debt as penalties and not actual damages an unenforceable per Arizona law.

21. On or about January 28, 2020 the Plaintiff's counsel received a response to the debt dispute with a revised final account statement removing the charges for insufficient notice and the lease break fee and stating the Plaintiff was liable for the lease termination fee and after the application of her security deposit her balance due was $3,925.69.

22. On or about February 7, 2020 Plaintiff's counsel replied to the Original Creditor's counsel and explained that in the January 8, 2020 final statement from the Original Creditor referenced referral to NCS for debt collection.

23. On or about February 11, 2020 counsel for the Original Creditor responded and confirmed that the subject apartment was re-let on January 13, 2020.

24. On or about February 12, 2020 Plaintiff's counsel wrote the counsel for the Original Creditor disputing the debt claimed and asserting that the $3,925.69 was a penalty and actual damages was $385.24.

25. On or about February 24, 2020 Defendant NCS mailed a letter to the Plaintiff seeking to collect the $3,925.69 penalty that was disputed with the Original Creditor.

26. On or about April 1, 2020 Plaintiff's counsel sent a debt dispute letter pursuant to the federal Fair Debt Collection Practices Act (FDCPA), *15 U.S.C. §1692*, *et seq.* to NCS specifically disputing the debt as a penalty and not actual damages and therefore not collectable by law.

27. The actual damages were easily calculated in this matter since the property was only unoccupied for 13 days, therefore, liquidated damages in the amount of $3,925.69 were disproportional to the actual loss of only $385.24.

28. On April 13, 2020 Defendant NCS responded re-iterating its demand for payment of the $3,925.69 lease termination penalty which is prohibited by Arizona law as a penalty and not liquidated damages.

## VI.   FIRST CLAIM FOR RELIEF

29. Plaintiff repeats, realleges and incorporates by reference Paragraphs 1 through 28 above as if fully stated herein.

30. Defendant NCS violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    a. The Defendants violated 15 U.S.C.A. § 1692e(2)(A) by falsely representing the character and legal status of an alleged debt.

5

      b.   The Defendants violated 15 U.S.C.A. § 1692f(1) by claiming damages not permitted by law.

31.   As a result of the Defendant's violations of the FDCPA, the Plaintiff is entitled to an award of statutory damages, costs and attorney's fees.

**WHEREFORE**, Plaintiff prays for the following relief:

(a)   For a judgment against Defendant and in in favor of Plaintiff;

(b)   Statutory damages against the Defendants pursuant to 15 U.S.C.A. § 1692k in an amount to be determined at the time of trial;

(c)   Costs and reasonable attorney's fees against the Defendants pursuant to 15 U.S.C.A. § 1692k; and

(d)   For such other and further relief as may be just and proper.

Dated: February 23, 2021.

                Respectfully,

                _____
                David L. Brown, SBN 021691
                Attorney for Plaintiff
                **Brown & Associates, PLLC**
                2450 S. Gilbert Road, Suite 200
                Chandler, AZ 85286

DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.