David L. Brown, State Bar No. (021691)
Richard N. Crenshaw, State Bar No. (006844)
Daniel Louro, State Bar No. (034983)
**Brown & Associates, PLLC**
2450 S. Gilbert Road, Suite 200
Chandler, AZ 85286
Telephone: (480) 656-8358
Fax: (480) 223-6381
info@brown-associates.net
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karen Leslie, | Case Number: 2:21-CV-00324-DWL |
| Plaintiff, | **JOINT CASE MANAGEMENT REPORT** |
| vs. | |
| National Credit Systems, Incorporated. | |
| Defendant | |

This Joint Case Management Report is being filed pursuant to this Court's Order dated March 23, 2021, at ECF 12. In response thereto, the parties state as follows:

1. The parties who attended the Rule 26(f) Meeting and their counsel who assisted in the development of this report are as follows:

2. David L. Brown and Daniel Louro counsel for the Plaintiff Karen Leslie (hereinafter, the "Plaintiff"), and Armando Nava counsel for the Defendant, National Credit Systems, Inc. (hereinafter, the "Defendant" or "NCS").

3. The Parties to this case are Karen Leslie, the Plaintiff, and National Credit Systems, Incorporated, the Defendant.

4. There are no additional parties to be served and all parties have answered.

5. Currently, the parties do not expect to add additional parties to the case or otherwise to amend pleadings.

6. Jurisdiction of this court arises under 28 U.S.C.A. §§ 1331 and 1337. This court would have subject matter jurisdiction pursuant to 15 U.S.C.A. § 1692K(d) because of a federal question. At this time, the Defendant has not yet challenged subject-matter jurisdiction, however, the Defendant intends to do so as it believes that the Plaintiff lacks Article III standing under *Spokeo* and its progeny.

7. Plaintiff's statement of the case and description of claim:

   (a) PLAINTIFF'S STATEMENT OF THE CASE:  In December 2019 the Plaintiff, Karen Leslie, allegedly defaulted on a lease with Apartment Homes LLC (dba as Apartment Homes at the Heights, LLC) (the Original Creditor). The Plaintiff occupied the premises under a lease that expired prior to the commencement of the rental agreement that is the subject of this claim. The rental agreement that is the subject of the claim was scheduled to commence on December 31, 2019 and terminate on October 30, 2020. However, Plaintiff gave 42 days' notice of termination of lease on November 18, 2019, paid the rent for December 2019 and vacated the premises prior to December 31, 2019. After the Plaintiff vacated the premises the Original Creditor sent the Plaintiff a final account statement stating that she owed the Original Creditor the sum of $7,346.24 after application of her security deposit of $350.00. The total amounts due were for insufficient notice, a late notice penalty and a lease termination fee.

Since the Plaintiff vacated the apartment unit before December 31, 2019 and surrendered the keys to the Original Creditor and the Original Creditor re-let the apartment with a new lease commencing on January 13, 2020, the Plaintiff through counsel sent a debt dispute letter to the Original Creditor disputing the debt as penalties and not actual damages. The Original Creditor's counsel responded to the Plaintiff's counsel and revised the final account statement removing the charges for insufficient notice and the lease break fee and stating the Plaintiff was liable for the lease termination fee and after the application of her security deposit her balance due was $3,925.69. The Plaintiff replied through counsel and asserted that pursuant to Arizona law the Original Creditor was only entitled to actual damages in the amount of $385.24. The Original Creditor's counsel subsequently confirmed the apartment was re-let on January 13, 2020.

On or about February 24, 2020 Defendant NCS mailed a letter to the Plaintiff seeking to collect the $3,925.69 penalty that was disputed with the Original Creditor. On or about April 1, 2020, Plaintiff's counsel sent a debt dispute letter pursuant to the Federal Fair Debt Collection Practices Act (FDCPA), *15 U.S.C. §1692*, *et seq.* to NCS specifically disputing the debt as a penalty and not actual damages and therefore not collectable by Arizona law. On April 13, 2020 Defendant NCS responded re-iterating its demand for payment of the $3,925.69 the prohibited penalty.

(b) DESCRIPTION OF PLAINTIFF'S CLAIMS:  Defendant NCS violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(i) The Defendants violated 15 U.S.C.A. § 1692e(2)(A) by falsely representing the character and legal status of an alleged debt.

(ii) The Defendants violated 15 U.S.C.A. § 1692f(1) since the alleged debt was prohibited by law.

(iii) As a result of the Defendant's violations of the FDCPA, the Plaintiff is entitled to an award of statutory damages, costs, and attorney's fees.

(c) NCS'S STATEMENT OF CASE AND DESCRIPTION OF DEFENSES:

Based upon what is now known to it, NCS states that its conduct at all times complied with all applicable statutes, regulations, and laws; accordingly, the Plaintiff's allegations and each purported cause of action alleged against NCS are barred. Further, NCS denies any allegations of wrongdoing, liability, or for Plaintiff's claims for damages. National Credit Systems, Inc. was hired by the Original Creditor to collect the alleged debt. Upon receipt of the Plaintiff's disputes of the alleged debt, NCS verified the debt with the Original Creditor as required by the law and in accordance with its policies and procedures. The Original Creditor continues to verify the alleged debt. NCS also denies any liability under the FDCPA, as the Plaintiff does not have any injury-in-fact or standing following a mere technical or procedural violation of the FDCPA. *See e.g., Spokeo, Inc. V. Robins* 2015 U.S. LEXIS 2947, 135 S. Ct. 1892, 191 L. Ed 2d 862, 83 U.S.L.W. 3819 (U.S. 2015).

Further, even if the Plaintiff could prove the allegations in the Complaint, NCS is not liable because the FDCPA exculpates collectors who make mistakes notwithstanding the use of reasonable procedures adopted to prevent making them. NCS acted in accordance with the law, and as such, any actions or omissions resulting in the alleged FDCPA violations resulted from a *bona fide* mistake, notwithstanding the use of reasonable procedures NCS has adopted to avoid such omissions.

Plaintiff has also not mitigated her damages in this matter, as the dispute in question is <u>*very clearly*</u> a legal dispute, and not a factual dispute, which is a dispute that NCS cannot

4

resolve. Legal disputes must be resolved one of two ways: through the courts or with the original creditors – not through furnishers. Therefore, if the Plaintiff suffered any loss, injury, damage, or detriment, as it relates to their account with NCS, it is attributed to the Plaintiff or a third party, and not NCS. NCS denies that it caused Plaintiff any damages, not only because the Plaintiff has failed to plead that she was not damaged (and therefore lacks standing), but also because NCS's actions or inactions did not result in any harm to the Plaintiff – concrete or otherwise.

Lastly, the Plaintiff filed this suit on February 24, 2021. Plaintiff's Complaint references large number of "communications" (if they can be deemed communications under the FDCPA is a question of fact for the jury) outside of the one-year statute of limitations for the FDCPA. As a result, most, if not all, of the matters at issue are subject to immediate dismissal because they are time-barred.

8. Plaintiff contemplates a motion for summary judgment: The issues to be decided are whether the Defendant's representation that the debt as damages for breach of lease was a violation of the character and legal status of the debt and since the actual loss could be ascertained the liquidated damages clause is unenforceable as a penalty. Defendant intends to file a motion to dismiss for lack of standing. Should that motion be unsuccessful, Defendant will issue some discovery, and will then follow-up that discovery with a motion for summary judgment based upon its description of its defenses as set forth above.

9. Plaintiff is willing to negotiate a reasonable settlement of the claim. Defendant is willing to entertain settlement on this matter, however, any settlement discussions would be undertaken with its valuation of this matter.

10. The parties have no other related cases pending before this court. The parties shall

take reasonable steps to ensure the preservation of discoverable information relevant to the underlying claims and defenses – no matter how tangential. This shall include electronically stored information, and anything else – whether tangible or intangible. However, at this time, the parties do not anticipate any special issues related to the discovery of electronic information but will promptly address any issues that do arise during discovery.  If there is electronically stored information responsive to the parties' written discovery requests, the parties will produce the information via .pdf format. Additionally, the parties agree to discuss and attempt to reach resolution without the intervention of the court should .pdf format of the information prove objectionable to the parties. The parties reserve the right to seek a protective order regarding any discovery request, including the nature and type of ESI requested or the requested form of production.

11.	The Plaintiff has informed the Defendant that she intends to claim all communications with her counsel concerning this debt as privileged.

12.	The parties shall claim all communications with their counsel concerning the alleged debt as privileged, without the need for a privilege log.  The parties agree that any claims of privilege or of protection as trial-preparation materials will be made at time of production and be accompanied by a privilege log stating the privilege asserted, as well as the date and description of the document, and the name and title of author(s) and recipient(s).  The parties agree to comply with Fed. R. Evid. 502 regarding the inadvertent disclosure of privileged information.

13.	a. The Plaintiff intends to request all documents concerning the alleged debt and the validation of the debt with the Original Creditor which is required to establish that the dispute was not properly addressed. Based upon what is now known to it,

the Defendant intends to request documentation and information regarding the following: damages (if any), Plaintiff's status as a "consumer", communications with the Original Creditor, NCS, and others regarding the underlying alleged debt, and Plaintiff's credit history.

b. There are no suggested changes to the discovery limitations.

c. The Plaintiff has informed the Defendant that at this time it does not intend to depose any of its employees or agents. Defendant does not currently intend to depose any person or party. Defendant reserves the right to depose the Plaintiff or others should written discovery responses prove insufficient.

14. a. The proposed deadline for completion of fact discovery and pretrial disclosures is August 30, 2021.

b. The proposed date for complete Plaintiff's expert disclosures and rebuttal expert disclosures is May 23, 2021.

The proposed date for complete Defendant's expert disclosures and rebuttal expert disclosures is June 23, 2021.

c. The deadline for completion of expert depositions is July 30, 2021.

d. At this time, the parties do not believe that a Rule 35 examination is required based upon the issues currently pled in this case. Should this change, the parties will notify the court through a formal request.

e. The deadline for dispositive motions is November 1, 2021.

f. There are no case-specific deadlines in this matter.

7

g. Provided that it is safe for all involved, the parties will engage in face-to-face good faith settlement talks on February 24, 2022. The parties will continue to caucus amongst themselves informally up until that date.

h. The Plaintiff has requested a jury trial. Defendant has relied upon that request and has also requested trial by jury.

i. There are no other matters that will aid the Court and parties in resolving this case.

15. The Plaintiff would prefer that the Court hold a case management conference before issuing a scheduling order if the agreed upon dates will be changed.

Dated April 20, 2021.


Respectfully submitted,


| | |
|---|---|
| */s/David L. Brown* | */s/Armando Nava (w/permission)* |
| David L. Brown, SBN 021691 | Armando Nava, SBN |
| Attorney for Plaintiff | Attorney for Defendant |
| **Brown & Associates, PLLC** | **Nava Law Firm, PLLC** |
| 2450 S. Gilbert Road, Suite 200 | 1641 E. Osborn Rd., Ste. 8 |
| Chandler, AZ 85286 | Phoenix, AZ 85016 |